In re Charlie Randall FARMER, Linda Farmer, Debtors.

Bankruptcy No. 80–487–BK–J–GP.

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

Aug. 18, 1981.

Michael May, DeLand, Fla., for debtors.

Raymond J. Rotella, Orlando, Fla., for Southeast Bank of New Smyrna.

## ORDER DENYING DEBTORS' APPLICATION FOR APPROVAL OF A REAFFIRMATION AGREEMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

■ The debtors have applied to the Court for approval of a reaffirmation agreement between themselves and the Southeast Bank of New Smyrna. Pursuant to § 524(c) of the Bankruptcy Code, before the Court can approve the reaffirmation of this debt, it must find, *inter alia*, that reaffirmation of the debt would be in the best interest of the debtors. Upon examination of the debtors and the application, the Court is unable to so find. The debtors have stated that they are current in their payments to the Bank, and the Court notes that the application seeks the reaffirmation of the debt in the amount of $12,310.00, and that the value of the property securing the debt, according to the debtors' A–2 schedule, is $10,500.00.

■ The creditor has sought to present testimony and argument on behalf of the application. The Court finds that the creditor has no standing in this regard. Local

**320**

Rule 4004 states that only the debtor may apply to the Court for approval of a reaffirmation agreement. *See In re Newsome*, 3 B.R. 626, 1 C.B.C.2d 1000 (Bkrtcy., W.D.Va. 1980). The fact that it is the creditor and not the debtor which is vigorously pressing forward this application shows in whose interest reaffirmation would be. The Court takes judicial notice that banks are not eleemosynary institutions.

Refusing to be silenced, counsel for the creditor has stated that the contract has been declared in default pursuant to an "insecurity clause." It is the Court's belief that once the underlying debt has been discharged, the naked security agreement is in the nature of an executory contract with obligations remaining on both sides: in consideration for regular payments the creditor agrees not to exercise its right of repossession or foreclosure. Ipso facto bankruptcy clauses are declared void under § 365(e) of the Bankruptcy Code, and the creditor will not be permitted to achieve the same result under the guise of an insecurity clause.

The debtors admit that the principal reason they agreed to the reaffirmation was because they do not have the funds to contest a state court foreclosure proceeding. Although the instant debtors may be in an unenviable position, it is essential that creditors not be permitted to use their superior economic leverage to coerce reaffirmation of debts where such reaffirmation is not in the best interest of the debtor. The legislative history of § 524(c) and (d) shows that the Court approval scheme was a compromise between the faction which did not wish to permit any reaffirmations and those who would have allowed limited reaffirmation. The Court perceives a duty to examine these applications carefully and to be concerned solely with the best interest of the debtor.

Denial of the application does not mean that the debtors may not make payments voluntarily. As long as they do so, they can keep the collateral. *In re Woodford*, 1 C.B. C.2d 789 (Bkrtcy.M.D.Fla.1980).

Accordingly, the application for approval of a reaffirmation agreement is denied.