**In re Thomas Lee BINFORD, Debtors.**

**Bankruptcy No. 3–85–00772.**

United States Bankruptcy Court, W.D. Kentucky.

Sept. 20, 1985.

Carl D. Frederick, Louisville, Ky., for debtor.

Richard L. Wilson, Louisville, Ky., for Manufacturers' Hanover Mortg. Corp.

William W. Lawrence, Louisville, Ky., trustee.

Richard A. Schwartz, Louisville, Ky., for Fidelity Financial Services, Inc.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court on the Objection to Confirmation of the debtor's Plan or alternatively, that the objecting creditor be granted relief from the Automatic Stay.

At issue is whether a Chapter 13 debtor may include within the Plan a proposal to cure an arrearage due a secured real estate mortgagee, where said creditor was listed and discharged in a previously filed Chapter 7 proceeding. For the reasons hereinafter set forth, the debtor's proposed treat-ment of this creditor is improper and the creditor's objections are sustained.

The facts here presented are not in dispute and may be briefly summarized as follows: The debtor filed a Chapter 7 proceeding on April 12, 1985, listing this complaining creditor as having a secured claim on real estate. A discharge was entered and no reaffirmation or redemption agreement was executed between the parties pursuant to 11 U.S.C. Section 524. Thereafter, this creditor instituted a foreclosure suit in Jefferson Circuit Court seeking to enforce its lien against the debtor's realty.

The debtor then initiated this Chapter 13 and proposed a Plan whereby current payments will be made on this mortgage plus payments on an accrued arrearage of $4,362.26. The creditor has timely objected to this proposed treatment, alleging that a proposal to cure a previously discharged debt is in itself an impossibility, or alternatively, that it be granted relief from the Automatic Stay.

In support of the relief requested, debtor alleges the original Chapter 7 discharge did not relieve the debtor from personal liability on the discharged debt but merely acts as an injunction against the commencement or continuation of an action against the debtor. Thus, the discharge does not eliminate the debt nor relieve the debtor of liability. Rather it precludes enforcement by the creditor.

The debtor cites *In re Farmer*, 13 B.R. 319 (Bkrtcy.M.D.Fla., 1981) which states at p. 320:

> ... once the underlying debt has been discharged, the naked security agreement is in the nature of an executory contract with obligations remaining on both sides; in consideration for regular payments, the creditor agrees not to exercise its right of repossession or foreclosure.

This court specifically rejects this interpretation or rationale of the parties' position or rights once the underlying debt has been discharged. Additionally, *In re Farmer, supra* did not address the issue

here presented, but rather addressed the court's refusal to approve a reaffirmation agreement. Where, as here, there has been no reaffirmation agreement, there are no continuing creditor obligations. Thus, the discharge by enjoining further collection from the debtor limits the creditor's remedies to satisfaction of its secured interest in the debtor's property under applicable state laws.

The error in debtor's logic is that the debtor has no obligation under a lien or mortgage. A lien or mortgage creates, constitutes, or imposes no legal obligations upon the debtor. Rather it constitutes a consensual, statutory, or judicial charge against the debtor's property to assure satisfaction in whole or part of a separate legal obligation. In this case, the separate obligation was the underlying but now discharged note.

A review of the definitions of "debt" and "claim" under Title 11 discloses that:

Section 101(11) "debt" means liability on a claim.

Section 101(4) "claim" means—

(A) *right to payment*, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance *if such breach gives rise to a right to payment*, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. (*Emphasis added.*)

The mortgage against the debtor's property is admittedly a secured interest in said property to assure repayment of the underlying note. Under Section 101(31) "lien" means a charge against or interest in property to secure payment of a debt or performance of an obligation. Hence, the lien in and of itself imposes no obligation upon the debtor. It is axiomatic that the entry of a Discharge enjoins further collection of the underlying debt, but the lien survives the Discharge and remains as a charge against the debtor's property. 11 U.S.C. § 541(d).

In sustaining the creditor's Objection to Confirmation, this court adopts the rationale set forth in *In re Brown*, 52 B.R. 6, 13 B.C.D. 390 (Bkrtcy.S.D.Ohio, 1985), which states that the Plan can only deal with creditors, that is, entities holding a claim against a debtor (defined at 11 U.S.C. Section 101(9), as "Claim" is defined at 11 U.S.C. Section 101(4). Thus, *In re Brown, supra*, while adopting *Associates Financial Serv. v. Cowen*, 29 B.R. 888, 10 B.C.D. 738, (Bkrtcy.S.D.Ohio, 1983); *Manufacturer's Hanover Mortgage Corp. v. Fryer, et al.*, 47 B.R. 180 (Bkrtcy.S.D.Ohio, 1985), further refines the distinctions which exist. Further, as noted therein, there is authority that redemption and reaffirmation constitute the exclusive methods for retention of possession of secured collateral upon bankruptcy. *In re Bell*, 700 F.2d 1053 (6th Cir.1983).

Under this proposed Plan, the debtor seeks to do indirectly that which he cannot do directly, i.e. file a Chapter 13 and compel a reaffirmation of a debt when the creditor has not agreed thereto pursuant to Section 524(c).. The rights to modify an existing contract pursuant to Section 1322(b)(2) and (5) do not negate the requirements of Section 524(c) mandating that reaffirmation agreements may only be enforceable by agreement of the parties and compliance with such other provisions as there set forth.

Accordingly, the creditor's Objection to Confirmation is sustained. The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.