**In the Matter of Bertrand J. LAGASSE, Catherine Lagasse, Debtors.**

**Bankruptcy No. 2–86–00490.**

United States Bankruptcy Court, D. Connecticut.

Sept. 30, 1986.

Theodore A. Lubinsky, Hartford, Conn., for debtors.

Gilbert L. Rosenbaum, Hartford, Conn., trustee.

Nicholas A. O'Kelly and I. Milton Widem, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for Society for Sav., movant and creditor.

Frank J. McCoy, Vernon, Conn., for Sarah E. Drouin, creditor.

Joseph Long, Sp. Asst. U.S. Atty., Office of Dist. Counsel, I.R.S., Hartford, Conn., for U.S.

## MEMORANDUM OF DECISION ON OBJECTION TO CONFIRMATION OF PLAN

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The matter before the court is the objection of a mortgagee, Society for Savings (Society), to confirmation of the debtors' chapter 13 plan. The sole issue presented by the parties is whether the debtors' discharge in a prior chapter 7 case of their indebtedness on an underlying mortgage note precludes the debtors' use of a chapter 13 plan to cure a mortgage default and reinstate monthly payments. The following facts were established at the plan confirmation hearing, and by the debtors' agreement with the factual allegations set forth in Society's written objection.

### II.

The debtors own and occupy realty located at 4 Landers Road, East Hartford, Connecticut (residence), on which Society holds a first mortgage. The mortgage, dated April 14, 1978, originally secured a promissory note of like date for $26,300.00, payable monthly with interest at 8.75 percent per annum to Society over a twenty-five-year term. The debtors being in default of

the monthly payments, Society commenced a mortgage foreclosure action on April 17, 1985, in the Connecticut Superior Court. Society obtained a judgment of foreclosure by sale, but the debtors filed a chapter 13 petition on October 31, 1985, staying further action on the foreclosure judgment. The debtors, on December 2, 1985, converted their case to one under chapter 7, and this court, on March 18, 1986, entered a discharge of the debtors from their debts. The debtors had claimed their residence as exempt property, pursuant to § 522(d)(1) of the Bankruptcy Code, and no party objected to the exemption. *See* Bankr.R. 4003(b). That bankruptcy case remains open, presumably for the purpose of liquidating a personal injury claim.

Following the entry of the discharge order, Society proceeded with its state court action and received a supplemental judgment of foreclosure ordering a public sale of the residence on May 10, 1986. That sale was stayed on May 8, 1986, by the debtors' filing of a second chapter 13 petition.

In their present chapter 13 case, the debtors propose to pay $816.00 monthly to the trustee over five years. Their residence, which the state court found to have a value of $63,000.00, is encumbered by the Society first mortgage, with a present balance of about $29,000.00, and by a subsequent mortgage, a United States tax lien, and various judgment liens (subsequent encumbrances). The debtors' amended plan provides for the payment in full, plus interest, during the five-year term of the plan, (a) of all unsecured claims (not discharged in the chapter 7 case), (b) of all of the subsequent encumbrances (except for the U.S. tax claim, by agreement with the I.R.S.), and (c) for the reinstatement of the Society first mortgage by the payment of the mortgage arrearage and costs. The current monthly mortgage payments due Society are to be made by the debtors "outside the plan." Although the debtors' testimony at the confirmation hearing raised some doubt as to their ability to make the monthly payments called for by the plan (the husband is a self-employed carpenter, the wife, a school van driver, with three minor children at home), Society's post-hearing papers do not attack either the plan's feasibility or the good faith issue raised by the debtors' successive case filings. *Compare In re Heywood*, 39 B.R. 910 (Bankr.W.D.N.Y.1984), *with In re Tauscher*, 26 B.R. 99 (Bankr.E.D.Wis. 1982); *see also In re Johnson*, 708 F.2d 865 (2d Cir.1983). The sole issue presented is Society's assertion that the debtors' plan is "statutorily defective" because "it seeks to reinstate a debt that has been previously discharged by the Bankruptcy Court and has never been reaffirmed by the debtors prior to the Courts' [sic] granting said discharge."

### III.

Section 1322(b) of the Bankruptcy Code (Code) provides that a chapter 13 plan may "(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due ...." Section 102(2) states that " 'claim against the debtor' includes claim against property of the debtor," and § 101(4) defines "claim" as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured ....

Society argues that the debtors are attempting to include the previously discharged debt, rather than the mortgage lien, in their plan. It then asserts that a lien, without an underlying nondischarged obligation, cannot be classified as a claim under the Code. It further contends that

the debtors are attempting a unilateral reaffirmation of a discharged debt. In response, the debtors argue that Society's mortgage represents a claim against the debtor, as defined in § 102(2), and that the mortgage agreement creates obligations on the parties, default of which the debtors may seek to cure under § 1322(b)(5). The debtors deny that they are seeking to reaffirm the previously discharged debt, noting that no personal liability need be, nor would be, reinstated by their plan.

## IV.

The right of a chapter 13 debtor to cure a default of a mortgage of residential realty is not in dispute here. *See DiPierro v. Taddeo (In re Taddeo)*, 685 F.2d 24 (2d Cir.1982). Such right has been recognized as available following the entry of a state court final judgment of foreclosure. *Valente v. Savings Bank of Rockville (In re Valente)*, 34 B.R. 362 (D.Conn.1983). Society's argument is that as a matter of law, a chapter 13 debtor cannot cure such a default when the underlying obligation secured by the mortgage has been discharged in a previous chapter 7 case. This certainly is the majority view to date. *See In re McKinstry*, 56 B.R. 191, 193 (Bankr.D.Vt. 1986) (once obligation on promissory note accompanying mortgage was discharged in debtors' earlier bankruptcy, mortgagee no longer a creditor to be dealt with in chapter 13); *In re Binford*, 53 B.R. 307, 308–09 (Bankr.W.D.Ky.1985) (chapter 13 debtor could not include in plan proposal to cure arrearage due mortgagee where mortgage debt discharged in prior chapter 7 case and no reaffirmation agreement executed, as mortgage created no obligation on debtor and underlying debt discharged); *In re Brown*, 52 B.R. 6, 7 (Bankr.S.D.Ohio 1985) (same); *Manufacturer's Hanover Mortgage Corp. v. Fryer (In re Fryer)*, 47 B.R. 180, 182 (Bankr.S.D.Ohio 1985) (same); *Associates Fin. Serv. Corp. v. Cowen (In re Cowen)*, 29 B.R. 888, 895 (Bankr.S.D.Ohio 1983) (same). *Contra, In re Lewis*, 63 B.R. 90, 91–92 (Bankr.E.D.Pa.1986) (an encumbrance against property constitutes a claim under Code even though there is no in personam liability against the debtor).

After due consideration I find the majority view unpersuasive. When debtors receive a chapter 7 discharge of a secured debt, that changes the debt relationship between the debtors and the secured party into that of a nonrecourse obligation. *See* § 506(d). I perceive no reason why curing of a nonrecourse debt may not be included in a chapter 13 plan. The clear language of §§ 102(2) and (4), and § 1322(b)(5) does not forbid it, and the legislative history of § 102(2) supports it.

> Paragraph (2) specifies that "claim against the debtor" includes claim against property of the debtor. This paragraph is intended to cover nonrecourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally. Thus, such an agreement would give rise to a claim that would be treated as a claim against the debtor personally, for the purposes of the bankruptcy code. However, it would not entitle the holders of the claim to distribution other than from the property in which the holder had an interest.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 315, *reprinted at* 1978 *U.S.Code Cong. & Ad.News* 5787, 5963, 6272; *see also* 5 *Collier on Bankruptcy* ¶ 1300.12[3] (L. King 15th ed. 1985).

## V.

In view of the foregoing, I hold that chapter 13 debtors are not barred, as a matter of law, from including in a plan treatment of a mortgage claim where the underlying obligation of the mortgage had been discharged in the debtors' prior bankruptcy case. The objection of Society for Savings to the confirmation the debtors' amended plan must be, and hereby is, denied, and an order confirming the debtors' amended plan will be entered.