**In the Matter of Bertrand J. LAGASSE, Catherine Lagasse, Debtors.**

**Bankruptcy No. 2–86–00490.**

United States Bankruptcy Court, D. Connecticut.

March 16, 1987.

See also, Bkrtcy., 66 B.R. 41.

Nicholas A. O'Kelly, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for claimant, Society For Savings.

Theodore A. Lubinsky, Hartford, Conn., for debtors.

Gilbert L. Rosenbaum, Hartford, Conn., Trustee.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

The matter before the court is the objection of Bertrand J. Lagasse and Catherine Lagasse (the debtors) to the amount of attorney fees included in a claim filed in their chapter 13 case by Society for Savings (Society). The following facts are taken from the case file and a brief evidentiary hearing held on February 3, 1987.

### I.

Society holds a first mortgage on the debtors' residence at 4 Landers Road, East Hartford, Connecticut (property). At some time prior to April 12, 1985, the debtors fell into default on mortgage payments. Society retained Schatz & Schatz, Ribicoff & Kotkin (Schatz & Schatz) to bring a mortgage foreclosure action in the Connecticut Superior Court. The Superior Court, on August 12, 1985, entered a judgment of foreclosure by sale, finding the debt due Society to be $27,163.22 and the value of the property to be $63,000.00. The court, based on a mortgage note provision entitling Society to "reasonable attorney's fees" in the event suit was brought to collect the note, awarded Society $1,500.00 in legal fees and $1,052.35 in costs. The debtors filed a chapter 13 petition on October 31, 1985, staying the foreclosure sale set for November 2, 1985. The debtors, on December 2, 1985, converted their chapter 13 case to one under chapter 7, and they received a discharge from indebtedness on March 18, 1986.

Immediately following the debtors' discharge, Society obtained a supplemental judgment of foreclosure in the state court. This judgment, dated March 31, 1986, provided for a public sale of the property on May 10, 1986, and included a further award to Society of $1,500.00 for additional attorney fees. The debtors filed their present

chapter 13 case on May 8, 1986, again staying the sale. Thereafter, this court, over the objection of Society, confirmed the debtors' chapter 13 plan which provides for the reinstatement of the Society mortgage and the payment to Society of the mortgage arrearage plus costs.

Society initially claimed that the debtors should be responsible for the legal fees of $11,877.60 [1] incurred by Society during the litigation in the state court and bankruptcy court. Notwithstanding the state court award of $3,000.00 in fees to Society during the foreclosure proceeding, Society, in fact, paid $7,621.35 in fees to Schatz & Schatz for the same period. Schatz & Schatz thereafter billed Society for additional fees of $4,256.25 during the present chapter 13 case. Although Society has paid these fees, according to the testimony of Frank J. Hayes, Society's Assistant Vice-President, the fees were paid upon the understanding that they would later be collected from the debtors. In the event such fees were not collectible from the debtors, Hayes said, the amount of the fees would be subject to renegotiation between Society and Schatz & Schatz. Society never reviewed the bills received from Schatz & Schatz, as indicated by the fact that one of the bills inadvertently included two hours of time for legal services rendered in a matter having nothing to do with the debtors.

## II.

The debtors contend that the attorney fees incurred by Society in connection with the foreclosure action (prepetition fees) should be limited to $3,000.00, the amount determined by the state court as reasonable. As to the postpetition fees, primarily involving Society's objection to confirmation of the debtors' chapter 13 plan, the debtors assert that the amount of legal fees claimed by Society is unreasonable because they include duplication of effort by various attorneys and are excessive in view of the amount of the debt.

Society focuses on the mortgage note, which, it claims, provides that the "Debtors agreed to reimburse the bank for all attorney's fees incurred in connection with the recovery of [the mortgage] debt." *Society Memorandum* at 1. Society argues the prepetition legal fees should not be limited to the amount awarded by the state court as reasonable because "the case in question has proven to be troublesome as a result of the Debtors' delay tactics." *Id.* at 4. Society acknowledges that it "would have gladly accepted the award by the State Court for attorney's fees had it been allowed to complete its foreclosure action but insofar as the Debtor [sic] has opposed the foreclosure by way of these repeated filings, it seems inconsistent that the Debtor [sic] now wishes to rely on that portion of the foreclosure judgment, which best suits their financial interests." *Id.* As to the postpetition fees, Society, in its memorandum, agrees to "waive[ ] that portion of its claim where there appears to be duplication of efforts", and to withdraw $230.00 of its claim "inadvertently billed to this account." *Id.* at 6. Society maintains that all remaining fees are legitimate expenses, having been paid to Schatz & Schatz, and must be borne by the debtors.

## III.

### A.

Conn.Gen.Stat. § 49–7 governs attorney fees in foreclosure actions and provides as follows:

> Any agreement contained in ... any mortgage, to pay costs, expenses or attorneys' fees ... incurred by the holder of that ... mortgage, ... in any foreclosure of the mortgage, ... is valid, but shall be construed as an agreement for fair compensation rather than as a penalty, and the court may determine the amounts to be allowed for those expenses and attorneys' fees, even though the agreement may specify a larger sum.

It was pursuant to § 49–7 that the state court awarded Society $3,000.00, in two separate awards of $1,500.00 each, for le-

---

1. This sum does not include state court committee fees and expenses totaling $5,249.31, for

which the debtors acknowledge their responsibility.

gal fees. Society's contention that the note provision under which the state court imposed $3,000.00 for legal fees on the debtors gives Society the right to an additional $4,621.35 for fees is meritless, particularly in light of Society's concession that it would renegotiate the fees if not collectible from the debtors. This bid for additional fees is foreclosed by the state court's determination that $3,000.00 constitutes fair and reasonable compensation for legal expenses. The debtors' filing of a subsequent bankruptcy case gives Society no right to fees above and beyond those previously awarded by the state court as fair and reasonable.

### B.

■ Section 506(b) of the Bankruptcy Code provides that:

> To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

This court has held that a covenant providing for attorney fees in a promissory note is adequate to support recovery of attorney fees incurred by an oversecured creditor in bankruptcy proceedings. *In re Salisbury,* 58 B.R. 635, 638–39 (Bankr.D.Conn.1985). State law applies in determining what constitutes a reasonable fee under § 506(b). *United Merchants and Mfrs., Inc. v. Equitable Life Assur. Soc. (In re United Merchants & Mfrs., Inc.),* 674 F.2d 134, 139 (2d Cir.1982); *In re Salisbury,* 58 B.R. at 640. In Connecticut, the courts have referred to Conn.Gen.Stat. § 42–150aa as one test for reasonableness. That statute limits legal fees in consumer contract actions to 15 percent of the amount of the judgment. Connecticut law determines a reasonable fee by considering the size of the creditor's claim, the complexity of issues, competence of counsel, and time spent. *In re Salisbury,* 58 B.R. at 640.

This circuit has cautioned that in permitting recovery of fees covered by contract in bankruptcy cases, "a rule of reason must be observed, in order to avoid such clauses becoming a tool for wasteful diversion of an estate at the hands of secured creditors who, knowing that the estate must foot the bills, fail to exercise restraint in enforcement expenses." *In re United Merchants and Mfrs., Inc., supra,* 674 F.2d at 139 (citations omitted). The incurring of attorney's fees in the present matter, with the creditor's indifference to the amount of and content of the attorney's bills as testified to by the Society officer, is an apt illustration of an oversecured creditor abandoning normal considerations of business judgment and failing to exercise such restraint.

■ On the other hand, the complex legal issues raised by the debtors' chapter 13 plan, in seeking to reinstate a mortgage following a chapter 7 discharge, legitimately supported Society's decision to object to the confirmation of the plan. *See In re Lagasse,* 66 B.R. 41 (Bankr.D.Conn.1986). Taking into account, therefore, the time reasonably spent in the chapter 13 case and deleting the erroneous billing and the duplication of attorney services, the court will allow, in addition to the $3,000.00 previously approved, the additional sum of $2,800.00, for a total award of $5,800.00, of the $11,877.60 claimed, as reasonable attorney's fees to be added to the mortgage arrearage.