In re William H. FULLER, Debtor.

Bankruptcy No. 3–88–03578.

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 17, 1989.

J. Michael Debbeler, Cincinnati, Ohio, for Lomas Mortgage USA, Inc.

Christopher M. Cooper, Columbus, Ohio, for debtor.

George W. Ledford, Englewood, Ohio, Trustee.

## DECISION AND ORDER VACATING RELIEF FROM STAY ORDER OF JANUARY 31, 1989

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion of William H. Fuller, a chapter 13 debtor, to reinstate the automatic stay of section 362 of the Bankruptcy Code. The basic facts are as follows:

a) On December 29, 1988 Lomas Mortgage USA, Inc., which holds the first mortgage on debtor's residence, filed a "Motion for Relief from Stay" on the grounds that it had previously been granted relief from stay in an earlier chapter 7 case of the debtor, and for cause, including a lack of adequate protection, lack of equity in the property, and the fact that the real estate is not necessary to an effective reorganization;

b) On or about January 3, 1989 an order was sent to the debtor and his attorney setting a preliminary and final hearing re-

garding the automatic stay for January 26, 1989 and informing the parties:

(2) that any responsive pleadings shall be filed with the clerk and served upon all adverse parties and any trustee no later than fifteen (15) days from the date of service of this notice.

(5) that should any party fail to appear at the final hearing the court will dismiss or deny the motion, grant the relief, order sanctions, or take such other action authorized by law.

(6) that if no responsive pleading is filed as provided above THE HEARING WILL NOT BE HELD and the movant shall present an order granting relief, with a certification that no responses had been timely filed. (Doc. No. 14)

c) On January 24, 1989 the debtor filed a response to the creditor's motion;

d) On January 31, 1989 the court signed and entered a default order granting Lomas Mortgage relief from the automatic stay;

e) On February 7, 1989 the debtor filed a "Motion to Reinstate Automatic Stay."

At the hearing to reinstate the automatic stay, debtor's counsel, a Columbus attorney, informed the court that he mailed a responsive pleading to the clerk's office in Dayton on January 13, 1989. On January 24, 1989, while in Dayton, debtor's counsel checked the court's docket and discovered that no response to Lomas Mortgage's motion had been received by the Dayton clerk's office. Upon returning to his office, debtor's counsel electronically transmitted a copy of debtor's responsive pleading to the clerk's office in Dayton. Debtor's attorney was unable to attend the hearing on January 26th because he was hospitalized on January 25, 1989. Debtor's counsel represented to the court that subsequently his originally mailed responsive pleading was returned to him for insufficient postage.

At the hearing counsel for Lomas Mortgage opposed debtor's motion for reinstatement of the automatic stay on the ground that 1) its debt, listed in the debtor's previous chapter 7 case, was discharged and may not be included in the debtor's present

chapter 13 plan; 2) the order granting Lomas Mortgage relief from the stay in the previous chapter 7 case is res judicata as to stay matters in the instant proceeding; 3) that the debtor has no equity in his residence; and 4) the debtor has not provided Lomas Mortgage with adequate protection of its interest in debtor's residence.

## CONCLUSIONS OF LAW

Although the debtor's motion is captioned "Motion to Reinstate Automatic Stay," the substance of the motion is a request for this court to "vacate" its order of January 31, 1989, which granted relief from the automatic stay. With respect to relief from a judgment or order, Bankruptcy Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure is generally applicable to cases under the Bankruptcy Code:

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144 or § 1330.

Bankr.R. 9024.

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that—

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect....

Fed.R.Civ.P. 60(b)(1).

In this case the court entered a default order despite the fact that a responsive pleading (although tardily submitted) had been filed by the debtor. Because "entry of judgment by default is a drastic remedy

and should be resorted to only in extreme situations," *E.F. Hutton and Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972), it is this court's policy, where a responsive pleading has been untimely filed, not to enter a default order prior to determining whether reasonable cause exists for the late response. Unfortunately this procedure was not adhered to in the instant matter; the default entry was "inadvertently" signed and entered by the court, and is eligible to be vacated under Fed.R.Civ.P. 60(b)(1).

■ In this circuit there are three factors controlling the decision of a trial court to set aside the entry of a default judgment or order under Rule 60(b):

1) whether the plaintiff will be prejudiced

2) whether the defendant has a meritorious defense

3) whether culpable conduct of the defendant led to the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir.1983).

■ There was no indication at the hearing on debtor's motion that vacating the default order would cause prejudice to Lomas Mortgage. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *Id.* "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *INVST Financial Group. v. Chem–Nuclear Systems*, 815 F.2d 391, 398 (6th Cir.1987) (citation omitted). No such showing has been made by Lomas Mortgage.

In his response to the motion of Lomas Mortgage for relief from the automatic stay, the debtor asserts that his proposed chapter 13 plan will adequately protect the interest of Lomas Mortgage, that the arrearage to Lomas Mortgage will be cured within a reasonable time, that the real estate has been the debtor's and his family's residence for the past eight years, that the

position of creditors will not deteriorate under the proposed plan and that it is in the best interests of the creditors to allow the debtor an opportunity to proceed under the Bankruptcy Code. Assuming for the moment that Lomas Mortgage has a "claim" against the debtor and that the order lifting the automatic stay in the debtor's previous chapter 7 case has no res judicata effects, the court finds that the debtor has put forth a meritorious defense in response to the motion of Lomas Mortgage to grant relief from the automatic stay.

In determining whether a defaulted defendant has a meritorious defense "[l]ikelihood of success is not the measure." (citation omitted) Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. *United Coin Meter Co., supra*, 705 F.2d at 845.

The key consideration is "to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Financial Group, supra*, 815 F.2d at 399 (citation omitted).

The court finds that the debtor has stated defenses good at law and based upon an examination of the debtor's proposed plan and schedules there is some possibility that the outcome of a trial on a motion to lift the automatic stay may be contrary to the effect of the default judgment.

■ Finally, the court must determine whether it was the culpable conduct of the debtor that led to the default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah and Associates*, 796 F.2d 190, 194 (6th Cir.1986). Here, the debtor's attorney represented to the court that he mailed the responsive pleading to the clerk's office and did not discover, until after the time for filing a responsive pleading, that the pleading had not been received by the clerk's office, but instead was returned for insufficient post-

age. Debtor's attorney also stated upon learning that no responsive pleading was received by the clerk's office he took immediate steps to correct the situation and electronically transmitted the pleading. The result was the pleading was received approximately four to five days late.

Perhaps debtor's counsel should have been more prudent in ensuring that the responsive pleading was received by the clerk's office, but the court finds that debtor's attorney has offered a credible explanation for the short delay in the filing of the responsive pleading and there is no indication of either an intent to thwart these judicial proceedings or a reckless disregard of the proceedings. The court finds that "culpable" conduct of the debtor did not lead to the default judgment.

On the basis of the three factors set out by the Sixth Circuit in *United Coin Meter, supra,* 705 F.2d at 845, the court finds that it is proper to set aside the default order of January 31, 1989 under Fed.R.Civ.P. 60(b)(1).

\* \* \* \* \* \*

For the sake of judicial economy it was agreed by the parties at the hearing on the motion to reinstate the automatic stay that the court could also treat the hearing as if it were the final hearing on the motion to lift the stay. The court finds that this procedure is only partially satisfactory. The issues of whether Lomas Mortgage has a "claim" against the debtor and the res judicata effects of the order lifting the automatic stay in the debtor's previous chapter 7 case may be resolved at this time. However, all other issues relevant to a decision to lift the automatic stay will require an additional hearing. This is particularly appropriate in view of the fact that only the motion to reinstate the stay was scheduled for hearing by the court, debtor's counsel conceded he was prepared to proceed only on the motion to reinstate, and the debtor did not testify.

\* \* \* \* \* \*

■ Because the debtor received a discharge in a previous chapter 7 case in which his debt to Lomas Mortgage was scheduled, Lomas Mortgage contends that no "debt" or "claim" exists and, therefore, Lomas Mortgage may not be included as a creditor in the debtor's chapter 13 plan. This position is supported by the earlier decisional law in this area, primarily on the ground that, although a debtor's property remains subject to a valid lien following a chapter 7 discharge, the debtor is not *personally* liable for a secured debt and, therefore, the lienholder is not a creditor of the debtor. *See In re Russo,* 94 B.R. 127 (Bankr.N.D.Ill.1988); *In re McKinstry,* 56 B.R. 191 (Bankr.Vt.1986); *In re Binford,* 53 B.R. 307 (Bankr.W.D.Ky.1985); *In re Brown,* 52 B.R. 6 (Bankr.S.D.Ohio 1985); *Manufacturer's Hanover Mortgage Corp. v. Fryer (In re Fryer),* 47 B.R. 180 (Bankr. S.D.Ohio 1985).

The general trend of the more recent cases has been to find it permissible to include a mortgage claim in a chapter 13 plan where the underlying debt has been previously discharged in a chapter 7 case. *See Downey Savings and Loan Assoc. v. Metz (In re Metz),* 820 F.2d 1495 (9th Cir. 1987); *Federal Land Bank of Columbia v. Smith (In re Smith),* 94 B.R. 216 (Bankr. M.D.Ga.1988); *In re Klapp,* 80 B.R. 540 (Bankr.W.D.Okla.1987); *In re Lagasse,* 66 B.R. 41 (Bankr.Conn.1986); *In re Lewis,* 63 B.R. 90 (Bankr.E.D.Pa.1986).

The Bankruptcy Code's definition of "claim" is extremely broad:

(4) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(4).

In view of the breadth of this definition, the court in *Lewis* held "that a claim may include a creditor's encumbrance against

property of the estate although there is no in personam liability against the debtor." 63 B.R. at 92.

But the broad definition of "claim" under the Code is not the only justification for including a mortgage debt, where there is no personal liability, in a chapter 13 plan. In *Lagasse* the court observed that "[w]hen debtors receive a chapter 7 discharge of a secured debt, that changes the debt relationship between the debtors and the secured party into that of a nonrecourse obligation." 66 B.R. at 43. Both the clear language of section 102(2) of the Bankruptcy Code and its legislative history support the proposition that nonrecourse debt may be treated as a claim against the debtor and included in a chapter 13 plan:

> (2) "claim against the debtor" includes claim against property of the debtor.

11 U.S.C. § 102(2).

> Paragraph (2) specifies that "claim against the debtor" includes claim against property of the debtor. This paragraph is intended to cover nonrecourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally. Thus, such an agreement would give rise to a claim that would be treated as a claim against the debtor personally, for the purposes of the bankruptcy code.

S.Rep. No. 989, 95th Cong., 2d Sess. 28 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5814.

On the basis of section 102(2) the court holds that a mortgage securing a debt previously discharged in a chapter 7 case constitutes a nonrecourse obligation and may be included in a chapter 13 plan. The court is mindful, however, that such a holding creates the potential for abuse and will closely scrutinize such chapter 13 plans for good faith.

> [A]lthough a chapter 13 plan may, as a matter of law, cure arrearages on a mortgage debt discharged by chapter 7, the plan may nevertheless violate the purpose and spirit of chapter 13 and thus not be submitted in good faith. *In re Metz, supra,* 820 F.2d at 1498.

In the instant stay proceeding, however, the issue of good faith is not presently before the court.

\* \* \* \* \* \*

■ Lomas Mortgage also maintains that the relief from stay order granted in the debtor's previous chapter 7 case is res judicata as to the matters currently before the court. Prior to determining any res judicata effects of the order terminating the automatic stay in the debtor's previous chapter 7 case, it is useful to note the terminology employed by the Supreme Court in discussing res judicata:

> The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." (citations omitted) Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. (citation omitted) This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar....

> This Court on more than one occasion has used the term "res judicata" in a narrow sense, so as to exclude issue preclusion or collateral estoppel. See, *e.g., Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). When using that formulation, "res judicata" becomes virtually synonymous with "claim preclusion." In order to avoid confusion resulting from the two uses of "res judicata," this opinion utilizes the term "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing litigation of matters that should have been raised in an earlier suit....

*Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77, 104 S.Ct. 892, 894, n. 1, 79 L.Ed.2d 56 (1984).

The basic questions in the current stay litigation proceeding are 1) whether the automatic stay should be lifted for cause (including lack of adequate protection), 11 U.S.C. § 362(d)(1), or 2) whether the stay should be lifted because the debtor does not have an equity in his residence *and* the residence is not necessary to the debtor's effective reorganization, 11 U.S.C. § 362(d)(2). The order which granted relief from stay in the debtor's previous chapter 7 case on December 10, 1987 was a default entry based on the debtor's failure to respond to the motion to lift the automatic stay. For purposes of issue preclusion the court is unable to determine which ground supported Lomas' request for relief from stay in the chapter 7 case. More importantly, the court does not believe, given the differing natures of chapter 7 and chapter 13, and the significant lapse of time between the two stay proceedings, that the order in the first stay proceeding has any relevance to the instant stay proceeding. For example, one of the present issues is whether the debtor is offering adequate protection today—not whether adequate protection was present a year ago. Additionally, by definition, the debtor's residence was not necessary to his reorganization in the previous chapter 7 case, but may well be necessary for reorganization in his present chapter 13 case.

With respect to claim preclusion, the court can determine no reason for supposing that either party in a chapter 7 relief from stay proceeding should have advanced matters that might subsequently arise in a chapter 13 case. The court finds that neither issue preclusion nor claim preclusion is present in the instant proceeding.

For the foregoing reasons it is hereby ORDERED that this court's order of January 31, 1988, which granted relief of stay to Lomas Mortgage, is VACATED.