**In re Ricky LAWSON, Nancy Lawson, Debtor(s).**

**Bankruptcy No. 3–89–03433(1).**

United States Bankruptcy Court, W.D. Kentucky.

July 2, 1990.

J. Michael Poole, Louisville, Ky., for debtors.

Thomas D. Murphy, III, Louisville, Ky., for BancBoston.

William W. Lawrence, Trustee, Louisville, Ky.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This Chapter 13 case came before the Court on BancBoston Mortgage Corpora-

tion's ("BancBoston") objection to confirmation of the debtors' proposed Chapter 13 plan. In essence, BancBoston contends that the debtors' plan may not cure a home mortgage arrearage when they have previously received a Chapter 7 discharge, citing *In re Binford*, 53 B.R. 307 (Bankr., W.D. Ky.1985). In response, the debtors maintain that the recent trend in case law allows a mortgage to be reinstated in a Chapter 13 case notwithstanding discharge of the underlying obligation in a prior Chapter 7. Although the ruling in *Binford* has been the controlling law in this District for years, the Court agreed to reconsider its holding. Upon hearing oral arguments and reviewing written memoranda filed by the parties, the Court renders its decision.

### FACTS

On July 26, 1988, Ricky and Nancy Lawson ("debtors"), filed for relief under Chapter 7 of the Bankruptcy Code. In their schedules, they listed, among other debts, a promissory note and first mortgage to BancBoston in the amount of $35,569.61. The debtors did not seek to reaffirm this debt and subsequently, on December 2, 1988, received a discharge of their scheduled debts.

In November 1989, the debtors again sought the protection of the Bankruptcy Court by filing a Chapter 13 petition. The debtors' schedule of debts in the Chapter 13 petition included the same mortgage debt of $45,000.00 to BancBoston of which $9,500.00 was a 25–month arrearage.

The debtors proposed a 36–month, 100 percent plan whereby they would cure the arrearage within a reasonable time and assume regular monthly mortgage payments. BancBoston objected to confirmation of the debtors' proposed plan, arguing that the home mortgage arrearage may not be cured since the debtors had previously received a Chapter 7 discharge.

### CONCLUSIONS OF LAW

The sole issue in this case is whether the debtors may include a mortgage claim within their Chapter 13 plan, even though the underlying obligation of the mortgage was discharged in the debtors' prior Chapter 7 case.

Chapter 13 allows a mortgagor/debtor to cure a prepetition acceleration of home mortgage debt triggered by default. § 1322(b)(5) of the Code provides that a Chapter 13 plan may "... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due ..." BancBoston contends that while Chapter 13 allows a debtor to reschedule his obligations, the plan must involve only the debtors' creditors.

It is BancBoston's position that when the debtors received a discharge of their underlying obligation, they no longer maintained any personal liability to the Bank. Consequently, BancBoston has no right to payment from the debtors and therefore is not a creditor having a claim against them which could be included in a Chapter 13 plan.

The debtors maintain that even though their personal liability on the underlying debt has been discharged in Chapter 7, their mortgage continues to constitute a right to payment qualifying as a claim for the purposes of bankruptcy since a 'claim' includes not only a right to payment but also a right to an *in rem* equitable remedy for breach of performance.

The majority of courts which have considered this issue have found that a debtor may not schedule a debt in a Chapter 13 plan if that debt has been previously discharged in a Chapter 7 case. *In re Binford*, 53 B.R. 307, 309 (Bankr., W.D.Ky. 1985); *In re Brown*, 52 B.R. 6 (Bankr., S.D.OH.1985); *In re Johnson*, 96 B.R. 326 (D.Kan.1989); *Associated Financial Services Corporation v. Cowen*, 29 B.R. 888 (Bankr., S.D.OH.1983).

The rationale supporting the majority rule is as follows. First, since a Chapter 13 plan can only provide for creditors, a plan which proposes to cure a default on a *discharged* mortgage obligation is defec-

tive since the mortgagee is no longer a 'creditor' of the mortgagor. Stated differently, since the mortgage obligation has been discharged under Chapter 7, the mortgagee no longer holds a claim against the debtor, but rather, holds only a lien against the debtor's real estate. While it is true that this lien equates to a 'right to an equitable remedy' in the form of a state court foreclosure action based on the debtor's breach of performance on the promissory note, such a breach does not give rise to a right to payment since the debtor received a discharge under Chapter 7.

Courts following the minority view have based their decisions on an extremely broad definition of the term 'claim'. For example, Judge Goldhaber concluded in the case of *In re Lewis*, 63 B.R. 90 (Bankr., E.D.Pa.1986) that:

> In light of the breath of the definition of the term 'claim', we hold that a claim may include a creditor's encumbrance against property of the estate although there is no in personam liability against the debtor.

*Lewis, supra* at pg. 92. The Court in *In re Lagasse*, 66 B.R. 41 (Bankr., D.Conn.1986) held that despite the discharge, the mortgage continued to constitute a claim under 11 U.S.C. § 102(2), which expressly provides that a claim against the debtor includes a claim against property of the debtor. The *Lagasse* Court cited the legislative history of that section in which the House Report stated: "This paragraph is intended to cover nonrecourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally." *Lagasse, supra* at pg. 43 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 315, reprinted in 1978 U.S.Code Cong. and Ad.News 5787, 5963, 6272).

In *Lagasse*, the Court stated:

> After due consideration I find the majority view unpersuasive. When debtors receive a Chapter 7 discharge of a secured debt, that changes the debt relationship between the debtors and the secured party into that of a nonrecourse obligation. See Section 506(d). I perceive no reason why curing of a nonrecourse debt may

not be included in a Chapter 13 plan. The clear language of Sections 102(2) and 101(4) and Section 1322(b)(5) does not forbid it, and the legislative history of Section 102(2) supports it.

*Id.* at pg. 43. In addition, the Court in *In re Klapp*, 80 B.R. 540 (Bankr., W.D.Okl. 1987), as well as two recent Courts of Appeal has supported the minority view relying on the analysis of the *Lagasse* Court. *In re Saylors*, 869 F.2d 1434 (11th Cir. 1989); *In re Metz*, 820 F.2d 1495 (9th Cir. 1987).

After long and thoughtful consideration, this Court continues to uphold the majority view as set forth in the *Binford* case. In *Binford*, Judge Brown held that a Chapter 13 plan can only deal with creditors, i.e. those entities holding a claim against a debtor. Judge Brown refers to 11 U.S.C. § 101(4) which defines a claim as either a right to payment or a right to an equitable remedy for breach of performance if such breach gives rise to a 'right to a payment'.

According to *Binford*, once the debtor receives a discharge, he no longer has any personal liability on the discharged debt. Therefore, the mortgagee has no right to payment from the debtor and no claim against him which could be scheduled in a Chapter 13 plan. This Court recognizes the Congressional efforts to broaden the definition of the term 'claim' so as to allow bankruptcy courts to deal with all the legal obligations of the debtor, no matter how remote or contingent. According to the Congressional Record:

> Section 101(4)(b) represents a modification of the House-passed Bill to include the definition of 'claim' as a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. (As passed by the House, the definition of claim was not limited to only those breaches that gave rise to a right to payment.) This is intended to cause the liquidation or estimation of contingent rights of payment for which there may be an alternative equitable remedy with the result that the equitable remedy will be susceptible to being discharged in bankruptcy. For example, in

some States, a judgment for specific performance may be satisfied by an alternative right to payment, in the event performance is refused; in that event, the creditor entitled to specific performance would have a "claim" for purposes of proceeding under Title 11.

See 124 Cong.Rec.H. 11090 (Daily Ed. Sept. 28, 1978); S. 17406 (Daily Ed. Oct. 6, 1978); (remarks of Senator Edwards and Senator Deconcini).

In concluding as we have, the Court is mindful of 11 U.S.C. § 102(2) which states that a claim against the debtor includes a claim against property of the debtor. However, the Court narrowly construes this section to include only those claims involving non-recourse loan agreements. (See H.R.Rep. No. 595, 95th Cong, 1st Sess. 315–316 (1977). A broader interpretation would render the restrictions in the definition of 'claim' meaningless. Courts adhering to the minority view hold that when a debtor receives a discharge of a secured debt it changes the debt relationship between the parties to a nonrecourse obligation.

We do not agree with this fallacious proposition. The discharge of a recourse claim does not convert the obligation to a nonrecourse claim. The bank simply holds a lien against the debtor's real estate which is not accompanied by any obligation, note, debt or right to payment upon the debtor's right to performance.

Finally, we note that the debtor did have an opportunity to reaffirm this debt during the Chapter 7 proceeding, but failed to do so. 11 U.S.C. § 523(c). We will not now permit the debtor to impose an unilateral reaffirmation of the mortgage upon the mortgagee by scheduling the discharge debt in a Chapter 13 plan.

Accordingly, the creditor's objection to confirmation is sustained.

This memorandum-opinion constitutes findings of fact and conclusions of law pursuant to Rules of Bankruptcy Procedure 7052.

An order consistent herewith will be entered this day.