**In re Al D. FARRINGTON, Debtor.**

**Bankruptcy No. 90–11021–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 7, 1991.

Ronald J. Harris, for debtor.

Chris Larimore, trustee.

ORDER ON CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS what is now commonly referred to as a "Chapter 20" case. The matter under consideration is the confirmation of a Chapter 13 plan submitted by Al D. Farrington (Debtor) who has his second visit to the Bankruptcy Court. The first was his voluntary Petition for Relief under Chapter 7 filed on January 5, 1990. The second is this Chapter 13 case filed on November 7, 1990, although his first Chapter 7 case is still technically open and yet to be closed. The Debtor's Chapter 13 Plan under consideration proposes to pay only the arrearages on a mortgage encumbering his residence which, according to the Plan, total $8,206.08. The Debtor proposes to pay this sum in 36 equal monthly installments of $251.41 each. The Chapter 13 Plan does not deal with any other creditors for the obvious reason that the Debtor has none by virtue of his discharge obtained in his Chapter 7 case. Based on this undisputed fact, the Trustee made an unfavorable recommendation because, according to the Trustee, "the unsecured creditors of this Debtor are treated unfairly since their claims were rendered legally unenforceable by the discharge obtained by the Debtor and no longer are recognized and treated in the Debtor's Chapter 13 Plan." The undisputed facts as appear from the record of not only this Chapter 13 case but also the previous Chapter 7 case, reveal the following which is relevant to the matter under consideration.

On January 5, 1990, this Debtor filed his Voluntary Petition under Chapter 7 of the Bankruptcy Code. According to the Schedule of Liabilities filed with the Petition, on the date of the commencement of the Chapter 7 case the Debtor had total outstanding unsecured obligations of $238,507.60, thus, he was clearly not eligible to obtain relief under Chapter 13 by virtue of § 109(e) of the Bankruptcy Code. In the Chapter 7 case, which was basically uneventful except for some litigation with his former wife, the Debtor received his discharge on August 23, 1990. As the result, all his

properly scheduled debts were discharged leaving him without any legally enforceable personal obligations, including his obligation represented by the note secured by the mortgage encumbering this residence.

The Chapter 13 Petition filed on November 7, 1990, reaffirmed this fact in that the Schedule of Liabilities filed by the Debtor indicated that the Debtor no longer had any unsecured debts. It further appears from the record that while the mortgage encumbering the residence of the Debtor might have been current when he filed his original Chapter 7 case, it became delinquent in the summer of 1990, in any event, prior to the filing of his Chapter 13 case. Because the original Chapter 7 case is still technically open, the Debtor has two cases pending concurrently in this Court, one under Chapter 7, and the other, Chapter 13. Of course, as noted earlier, the only "claim" to be dealt with under the Chapter 13 plan is the arrearage on a real estate mortgage encumbering the principal residence of the Debtor, a "claim" which no longer is enforceable against the Debtor based on his personal liability.

The mortgagee, Standard Federal Savings Bank (Standard Federal), did not file a proof of claim in this case. Except for a claim filed on behalf of the mortgagee by the Debtor himself on the very last day before the claims bar date imposed by Bankruptcy Rule 3002(c) expired, no claims would be on record in this Chapter 13 case. The claim filed on behalf of the mortgagee was filed in the amount of the total outstanding balance of the mortgage and does not even indicate the precise amount of arrearages this Debtor intends to cure by utilizing the curing provisions of the Code, Section 1322(b)(5).

Based on these uncontested facts, the Trustee takes the position, although not very well articulated, that the plan submitted by the Debtor cannot be confirmed because it was not proposed in good faith which, of course, is a condition precedent to confirmation. § 1325(a)(3). In support of this proposition, the Trustee urges that the Court should not permit a debtor to wipe out all unsecured obligations in a Chapter 7 case through the discharge, and then turn around and file a Chapter 13 case, either while the original Chapter 7 is still pending which is the case in the present instance, or even shortly after the original Chapter 7 is closed, for the purpose of using the curing provisions authorized by § 1322(b)(5) of the Bankruptcy Code.

In opposition to the Trustee's position, it is urged by counsel for the Debtor that it is not improper to file a second petition for relief under Chapter 13 even though the same Debtor already received a discharge of all unsecured obligations in a previous Chapter 7 case. In support of this proposition counsel for the Debtor cites the case of *In re Saylors*, 869 F.2d 1434 (11th Cir. 1989). In *Saylors*, Judge Vance, speaking for the Court, held that the Debtor is not prohibited from filing a Chapter 13 petition during the period between the Debtor's receipt of a Chapter 7 discharge and the filing of a final report by the Chapter 7 trustee. The Court of Appeals in *Saylors* primarily relied on the fact that the financial condition of the debtor improved since he filed his Chapter 7 case, thus while he could not fund a Chapter 13 plan when the original Chapter 7 case was filed, his income increased sufficiently, thus he became a proper candidate for Chapter 13 relief.

In arriving at this conclusion, the Court of Appeals cited *In re Lagasse*, 66 B.R. 41 (Bankr.D.Conn.1986), in which the bankruptcy court held that even if the personal obligation of a debtor has been discharged in a Chapter 7 case, arrearages still may be cured by a subsequent Chapter 13 plan because the debt owed by the mortgagor to the mortgagee has been transformed into a nonrecourse obligation by virtue of the Chapter 7 discharge, and a nonrecourse debt may be dealt with in a Chapter 13 plan. In support of this proposition the *Lagasse* court relied on the definition of claim set forth in Section 102 of the Bankruptcy Code, which in Subclause (2) provides that the phrase "claim against the Debtor" includes claim against the property of the debtor, citing *H.R.Rep. No. 595, 95th Cong., 1st Sess. 315, reprinted in 1978 U.S.Code Cong. & Admin.News 5787,*

*5963, 6272.* Based on this, the court in *Lagasse* concluded that the rule of construction set forth in § 102(2) was intended to cover nonrecourse loan agreements where creditors' only rights are against the Debtor's property, but not against the Debtor personally.

■ This Court has difficulty to accept the reasoning of the holding in *Lagasse,* and, in this Court's opinion, the holding misses the mark. First, if one reads the definition of the term "claim" as set forth in § 101(4), there is hardly any doubt that "claim" means a "right to payment." Section 101(4)(A). Since it is clear that the mortgagee no longer has the right to payment under the mortgage, and its only right is to enforce its lien against the subject property, it no longer has a "claim" against a debtor whose personal obligation under the note secured by the mortgage was rendered unenforceable by virtue of his discharge. § 524(a)(2). Section 102(2) of the Code is a rule of construction and not a Section dealing with definition of terms. Thus, the contrary conclusion by the *Lagasse* court is not supported either by the specific definition of the Code or by common sense when one considers the issue in the context of a Chapter 13 or even in a Chapter 7 case where distribution is made only to allowed general unsecured claims. § 726, *et seq.*

■ Second, *Lagasse* failed to consider the ultimate issue which is involved in this case, that is whether or not the plan proposed by this Debtor was proposed in good faith which is, of course, a condition precedent to confirmation. § 1325(a)(3). The court in *Saylors* permitted the Debtor to maintain the Chapter 13 case and obtain confirmation even after the Debtor received his discharge in his previous Chapter 7 case. The Court of Appeals rejected the rule that filing of a Chapter 13 petition while his Chapter 7 case was still pending would be a *per se* bar to obtain relief under Chapter 13. In addition the Court also held that the receipt of a prior Chapter 7 discharge should not prevent the Debtor from meeting any of the conditions for confirmation set forth in Section 1325(a)(1)–(6). In *Saylors* the Eleventh Circuit found that the debtor's monthly income increased between the filing of his Chapter 7 petition and the filing of the Chapter 13 petition. Thus, the change in the Debtor's financial conditions justified the conclusion of the bankruptcy judge and the District Court that the Debtor should be entitled to relief under Chapter 13, notwithstanding his previous discharge in his Chapter 7 case. Based on the facts of this case, while this Court is bound by decision of this Circuit in *Saylors,* the search for the determination of good faith requires a much more in depth analysis than was involved in *Saylors* and the Court must consider the totality of all facts and circumstances which are relevant and the real intent of a debtor filing his second bankruptcy petition.

The undisputed factual background of the two cases filed by this Debtor is, of course, markedly different than what was involved in *Saylors.* At the time this Debtor filed his Chapter 7 case he was clearly not eligible to seek relief under Chapter 13 simply because his unsecured obligations were greatly in excess of the ceiling for eligibility set forth in Section 109(e). Thus, it is not without basis to infer that having realized this fact he elected to file a Chapter 7 case, in order to get rid of his unsecured obligations through the discharge, and then resort to the curing provisions of Chapter 13, Section 1322(b)(5), and save his residence. To accept this proposition would permit all debtors who are initially not eligible for relief under Chapter 13 to file first a petition for relief under Chapter 7 to receive a discharge and then turn around and file a Chapter 13 for the sole purpose of dealing with a mortgage in default independent of what occurred in the bankruptcy court, i.e., the entry of a discharge. Unlike in *Saylors,* there is nothing in this record which indicates a changed circumstance, i.e., increase in the Debtor's disposable income, so heavily relied on by the Court of Appeals in *Saylors.* In this case there was a change of circumstance, not as a result of a cause independent of bankruptcy, but caused only by the discharge granted to the Debtor in his first Chapter 7 case. This Court cannot help

but conclude based on the facts of this case that the Chapter 13 filing was unacceptable manipulation of the bankruptcy system. *See also In re Rasmussen,* 888 F.2d 703 (10th Cir.1989).

Based on the foregoing, this Court is satisfied that confirmation of the Chapter 13 Plan should be denied and the above-captioned Chapter 13 case should be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that confirmation of the Chapter 13 Plan be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the above-captioned Chapter 13 case be, and the same is hereby, dismissed with prejudice.

DONE AND ORDERED.