In the Matter of Ruby L. FRYER, Debtor.

MANUFACTURER'S HANOVER MORT-GAGE CORPORATION, Servicing Agent For Federal National Mortgage Assoc., Complainant,

v.

Ruby L. FRYER and George W. Ledford, Trustee, Respondents.

Bankruptcy No. 3–84–01805(A).

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 28, 1985.

---

Risa C. McCray, Dayton, Ohio, for debtor.

J. Michael Debbler, Cincinnati, Ohio, for complainant.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Presently before the Court is the Objection to Plan and Motion to Modify Stay filed on September 20, 1984, by Manufacturers Hanover Mortgage Corporation [MHMC]. The Court heard this matter at a pretrial conference on November 5, 1984, at which the attorneys agreed to a decision by the Court on the briefs, which were then submitted on December 5, and December 20, 1984. A Pretrial Order & Stipulations was filed on December 4, 1984.

Debtor, Ruby L. Fryer, has been the owner of residential real estate located in Dayton, against which MHMC holds a mortgage lien.

On November 7, 1980, Fryer filed a voluntary petition seeking relief from this Court under Chapter 13. Fryer duly listed MHMC as a secured creditor, in the amount of $26,000. MHMC's proof of claim showed a balance due of $27,709.81 and indicated that MHMC accepted Fryer's plan which called for Fryer to make her regular payment of $262.00/month directly to MHMC.

Fryer presumably faithfully made her payments to both the Chapter 13 Trustee and MHMC until sometime after March, 1983, when, after 14½ years of service, she was terminated from her employment with the federal government at Wright-Patterson Air Force Base. Also in March, 1983, Fryer sent Creditor $2,180 of her $4,100 retirement check, but ceased further payments when she was unable to find other employment. Fryer was forced by her circumstances to accept ADC payments starting in October, 1983.

In an Order dated October 11, 1983, Judge Ellis W. Kerr dismissed without prejudice Fryer's case because of her failing to make at least four of her last six monthly payments to the Trustee. The Order allowed Fryer, within 20 days, to either reopen the case upon written request or to convert the case to Chapter 7.

On October 31, 1983, Fryer filed another voluntary petition for relief under Chapter 7. The Court notes that another attorney represented her in this Chapter 7 petition, which again duly listed MHMC as a secured creditor in the amount of $25,000.

She received her Chapter 7 discharge on January 26, 1984, from this Court.

On May 7, 1984, MHMC filed a complaint in foreclosure against Fryer in the appropriate state court.

In June, 1984, Fryer again became gainfully employed. In an attempt to retain her residential property, she filed a voluntary petition seeking Chapter 13 relief on August 22, 1984, assisted by yet a third attorney. Again MHMC was listed as a secured creditor. Her Plan calls for curing an arrearage of $4,121.96 through August 31, 1983 at $78.00 a month for 60 months plus payment of her regular monthly payment.

On September 20, 1984, MHMC filed this Objection claiming that since debtor received a Chapter 7 discharge, there is no "debt" or "claim" upon which to include MHMC in Fryer's current Chapter 13 Plan.

Further, MHMC claims that because of her discharge, Fryer has no equity in the property and that it is not adequately protected. MHMC states in the Stipulations that it either wants the stay removed or an agreed entry with repayment of arrearage in 24 months.

On September 24, 1984, the state court issued a Finding and Decree in Foreclosure finding due MHMC $28,227.63 plus 8% interest from that date.[1]

Fryer requests that the Court look at the overall situation and not just the period of time for repayment, stating that she was not fully aware of the total ramifications of her filing for Chapter 7 relief.

While the Court might otherwise find great sympathy for Fryer, a victim of the recent depression/recession, it recalls its prior decision in *Associates Financial Serv. Corp. v. Cowen*, 29 B.R. 888, B.L.R. ¶ 69,197, 10 B.C.D. 738 (Bankr.S.D.Ohio 1983), where it found at 29 B.R. 895:

> The granting of a discharge relieves a debtor from personal liability on the discharged debt. 11 U.S.C. § 524(a); *In re Nason*, 22 B.R. 690 (Bkrtcy.D.Me.1982). Thus, although a lien may survive, 11 U.S.C. § 506(d), a discharged debt which was not properly reaffirmed is not cognizable as "debt" in a subsequent proceeding without either a novation of the prior obligation or the creation of an entirely new debt. 11 U.S.C. § 101(11). Thus, a proposal "to cure" a previously discharged debt is itself an impossibility, despite the availability of (and stay of, upon a serial filing) the remedies accorded a lienholder under state law by virtue of a lien based on such discharged debt. 11 U.S.C. §§ 101(11), 362, 506(d), and 28 U.S.C.A. § 1471(c). See also, *In re Nason, supra;* and *In re Nefferdorf,* 26 B.R. 962, 10 B.C.D. 150 (Bkrtcy.E.D.Pa. 1983).

The Court is satisfied that the above quote accurately states the law. Accord-

ingly, the proposed plan including the debt to MHMC should not be confirmed.

However, the Court notes that MHMC, in the Stipulation, has agreed to accept another plan which has a shorter time to cure the arrearage, thus agreeing to a novation and to waive any future objections based on the above theory. Accordingly, debtor is allowed to submit a revised Plan and proposed novation to the Court.

The request for relief from stay is provisionally denied until a revised Plan is submitted, with due regard to the substantial payment from retirement benefits and the attempt to maintain the mortgage obligation by the advancement of this vital accumulation.

---

**1.** The Court notes that this Finding and Decree was on the letterhead of MHMC's attorneys and signed by its attorney; thus, presumably such Finding and Decree was prepared by MHMC.

Whether such action is a violation of the automatic stay of § 362 is not before the Court; and the Court now makes no finding on the validity thereof.