In re Rosalind BROWN, Debtor.

Bankruptcy No. 1–85–00011.

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 19, 1985.

Samuel D. Blesi, Cincinnati, Ohio, for debtor.

Robert Linwall, Fort Wright, Ky., for The Kissell Co.

William R. Schumacher, Cincinnati, Ohio, Chapter 13 office/trustee.

## DECISION AND ORDER RE OBJECTION TO CONFIRMATION

BURTON PERLMAN, Bankruptcy Judge.

Debtor herein filed a chapter 13 petition in this court. The plan submitted therewith provides for the curing of an arrearage owed to the Kissell Company, mortgagee of debtor's residence. The Statement of Affairs filed by debtor with her petition discloses a prior chapter 7 bankruptcy case in this court in which case debtor received a discharge.

The mortgagee has filed an objection to confirmation of the chapter 13 plan, and a hearing was held thereon. Mortgagee's objection says that the plan was not filed in good faith, contrary to 11 U.S.C. § 1325(a)(3). In support of this contention, mortgagee asserts that debtor's indebtedness to mortgagee was discharged in her prior chapter 7 case. She therefore has no debt to mortgagee and it is bad faith to attempt to cure an arrearage which has been discharged.

Additional bases for a contention of bad faith purport to be stated by mortgagee in its objection, to wit, that the valuation of the residence is overstated in the schedule; that there was a failure to disclose disposition of other property in which debtor had an interest; and that debtor cannot afford the payments indicated in the plan. These grounds, however, were not seriously contended for by mortgagee at the hearing on objection. The issue which mortgagee does wish to have seriously considered is the one relating to the absence of personal liability of debtor to mortgagee by reason of her prior discharge in bankruptcy. In addition to the memorandum of mortgagee in support of its objection, we have that of debtor in opposition. These filings refine the question presented to whether a chapter 13 case filed after a discharge in a chapter 7 case may be utilized to compel a mortgagee to accept the cure of an arrearage owed to it on the defaulted mortgage. We conclude that the answer to that question is in the negative.

The purpose of a chapter 13 case is to enable a debtor who is qualified to file such a case to pay out his creditors over a period of time. A major benefit offered to debtors by chapter 13 is that it enables the cure

of an arrearage on a real estate mortgage. See, *In Re Taddeo*, 685 F.2d 24 (2nd Cir. 1982); *In Re Grubbs*, 730 F.2d 236 (5th Cir.1984); *In Re Clark*, 738 F.2d 869 (7th Cir.1984); *In Re Hubbard*, 23 B.R. 671 (Bankr.S.D.Ohio 1982); *In Re Million*, 39 B.R. 136 (Bankr.S.D.Ohio 1984). But the plan can only deal with creditors, that is, entities holding a claim against a debtor (defined at 11 U.S.C. § 101(9)), as "claim" is defined at 11 U.S.C. § 101(4). There claim is defined as a right to payment, or a right to an equitable remedy for breach of performance. In the present case the mortgagee is not a creditor within the meaning of that term as defined in the Bankruptcy Code. Its right to payment pursuant to a contractual arrangement with debtor disappeared upon the prior discharge granted to debtor. 11 U.S.C. § 727. Nor does mortgagee hold a claim within the alternative meaning of § 101(4), the right to an equitable remedy for breach of performance; there is no extant contract as to which mortgagee is entitled to relief.

Mortgagee in this case holds only a lien against debtor's real estate. Such status gives mortgagee a right to relief by way of foreclosure against the property. There could be two inhibitions against so proceeding. The first of them would be by the terms of an agreement between debtor and mortgagee, but as we have seen there is no longer any such agreement in existence. The other inhibition is a state law right by way of an equity of redemption, but that is a right which does not create any status between these parties as to which there could be a breach of performance. These observations demonstrate that the relief available to mortgagee simply is different in kind from "an equitable remedy for breach of performance." (There is a further inhibition, of course, by reason of the § 362 automatic stay which arose upon the filing of the chapter 13 case. We can see no defense to an effort by mortgagee to have such stay removed.)

The foregoing view of debtor's legal posture suffices to demonstrate that chapter 13 relief cannot be available to debtor for the purpose of curing the arrearage on her real estate mortgage. *Accord, Associates Financial Serv. v. Cowen*, 29 B.R. 888 (Bankr.S.D.Ohio 1983); *Manufacturer's Hanover Mortgage Corp. v. Fryer, et al.*, 47 B.R. 180 (Bankr.S.D.Ohio W.D.1985). Because of this, the objection to confirmation must be sustained.

We are aware that notwithstanding the foregoing legal analysis we might overrule the objection and confirm the plan, on the reasoning that the mortgagee's real need for relief in this court is by way of lifting the automatic stay. We perceive, however, that prejudice to the mortgagee might result were we to confirm the plan. While the mortgagee doubtless would file no proof of claim in the case, debtor could, pursuant to § 501(c), file a claim for it. While mortgagee could register an objection at that point, we see no reason to defer consideration of the question before us for the future.

The outcome which we reach might be viewed as unduly technical, for, after all, chapter 13 relief for the curing of mortgage arrearages is well established. In this case, however, debtor's conduct justifies the outcome we reach as well as does the technical application of the law. We are told that in connection with her chapter 7 case debtor made no effort whatever to reaffirm her agreement with mortgagee. (There is authority that redemption and reaffirmation constitute the exclusive methods for retention of possession of secured collateral upon bankruptcy. *In Re Bell*, 700 F.2d 1053 (6th Cir.1983)). Only after mortgagee commenced foreclosure proceedings, which must have been after disengagement of the real estate from her prior chapter 7 case, either by abandonment or termination of the case, did debtor initiate the present chapter 13 case, solely for the purpose of frustrating the foreclosure. While interruption of foreclosure by a bankruptcy filing is a common occurrence to which we attach no negative implications in and of itself, here debtor gave every indication in her prior case that there was no objection to relinquishment of the real estate. Only then did the mortgagee

8

undertake the effort and expense of fore-closure. We think that debtor waited too long and thus sacrificed any call upon the equitable power of this court.

The objection to confirmation is sustained. The case will stand dismissed unless debtor within twenty (20) days of the date of this Order files an amended plan which is consistent with this decision.

SO ORDERED.