**In re Ray William McKINSTRY, Debtor.**

**Bankruptcy No. 85–113.**

United States Bankruptcy Court,
D. Vermont.

Jan. 7, 1986.

Jacqueline A. Hughes, Montpelier, Vt., for State of Vermont, Dept. of Taxes.

Raymond J. Obuchowski, Barre, Vt., Trustee.

Jess T. Schwidde, Montpelier, Vt., for debtor.

Gail E. Westgate, Burlington, Vt., for Bank of Vermont.

## MEMORANDUM AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

■ This proposed reorganization under Chapter 13 presents the curious spectacle of a debtor who demands the right to make payments to a creditor who insists that the debt no longer exists because it is not a "claim" as defined in 11 USC Section 101(4). The adversaries' tergiversation arises because the creditor is a bank that holds a mortgage on the debtor's residence, which had secured an obligation that the Court discharged in the debtor's earlier bankruptcy. The bank objects to confirming the debtor's latest Plan because the Plan proposes to cure the arrearage and begin repaying the bank on the discharged debt. Since we hold that a debtor may not unilaterally reaffirm a discharged debt by scheduling the creditor in a proposed Chapter 13 Plan of Reorganization, we cannot confirm this debtor's Plan.

This Court has twice discharged debtor in earlier bankruptcies under Chapter 7. The contested debt to the Bank of Vermont, secured by a mortgage on his residence, we discharged on November 7, 1984. On June 6, 1985, the debtor filed a Chapter 13 petition. He has submitted a Plan that proposes to repay the Bank of Vermont on the discharged promissory note that accompanied the mortgage. We held a hearing on the objections to confirming this Plan and related matters on November 11, 1985.

■ The Bank of Vermont, the mortgagee of the debtor's residence, objects to our confirming a Plan that schedules it as a creditor for a debt duly discharged under 11 USC Section 727(b). In the alternative, the bank asks for relief from stay pursuant to 11 USC Section 1301(c) so it may proceed to foreclose on the debtor's property. The bank raises several other objections to the Plan under 11 USC Section 1322(b) and Section 1325(a). The State of Vermont, Department of Taxes, and the Internal Revenue Service also objected on similar grounds. The Internal Revenue Service subsequently withdrew its objections. The

trustee filed a motion to dismiss the petition but agreed, at hearing, to withdraw the motion if the Court would grant the debtor more than three years to repay his creditors under 13 USC Section 1322(c). In addition, the Court heard debtor's motions to establish the amount of the alleged claim of the Bank of Vermont and for compensation of debtor's attorney. Because we hold that a Plan that schedules a non-existent debt is statutorily defective, the other issues raised by creditors are moot, untimely, or supererogatory, and need not be decided by us at this time.

■ The debtor argues that he is entitled, pursuant to 11 USC Section 1322(b)(3), to cure the default on the obligation to the mortgagee; that a discharged debt does not eliminate the obligation but only makes it unenforceable; and that the bank should not be permitted to foreclose in the face of a debtor willing to repay the arrearage and to continue paying on the note. Chapter 13 enables a qualified debtor to reschedule his or her obligations and, indeed, provides for curing the arrearage on a mortgage. See *In re Taddeo*, 685 F.2d 24 (2d Cir.1982). This opportunity is limited, however, to the outstanding claims of the debtor's creditors at the time the Chapter 13 petition is filed. Mr. McKinstry's debt to the Bank of Vermont has been discharged pursuant to 11 USC Section 727(b). Not only is a discharged debt unenforceable, but the debtor has no personal liability on such a debt, 11 USC Section 524(a)(1). In effect, the discharge extinguishes the debt. House Report No. 95–595, 95th Cong., 1st Sess. 365–6 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866, 6320. The mortgagee is, therefore, no longer a creditor as defined in 11 USC Section 101(9), for it has no claim on the promissory note accompanying the mortgage. See *In re Brown*, 52 B.R. 6, 13 BCD 390 (Bkrtcy.S.D.Ohio 1985); *In the Matter of Fryer*, 47 B.R. 180 (Bkrtcy.S.D.Ohio 1985).

■ Although the debt is discharged, the lien survives the discharge under 11 USC Section 524. This is the result of the 1984 amendments to the Bankruptcy Code, 11 USC Section 524(a)(2), *Bankruptcy Amendments and Federal Judgeship*, Act of 1984, Pub.L. No. 98–353, and 11 USC Section 506(d). In similar circumstances where there was a discharge and no reaffirmation agreement, another Court explained:

> The error in debtor's logic is that the debtor has no obligation under a lien or mortgage. A lien or mortgage creates, constitutes, or imposes no legal obligations upon the debtor. Rather it constitutes a consensual, statutory, or judicial charge against the debtor's property to assure satisfaction in whole or in part of a separate legal obligation. In this case, the separate obligation was the underlying but now discharged note.

*In re Binford*, 53 B.R. 307, 13 BCD 798 (Bkrtcy.W.D.Ky.1985). The debtor, of course, had an opportunity under 11 USC Section 524(c) to negotiate a reaffirmation of the obligation to the bank underlying the mortgage during his earlier Chapter 7 bankruptcy. He did not so act. Having failed to reaffirm the discharged debt, the debtor may not now unilaterally impose a reaffirmation on the mortgagee in a subsequent Chapter 13 bankruptcy in order to prevent foreclosure.

■ Section 524 of 11 USC is a debtor's shield against the continuation of acts to collect a discharged debt. It cannot be used as a sword to compel a creditor to reaffirm a debt within a Chapter 7 case, nor to force a reaffirmation in a subsequent Chapter 13 case. Both parties are powerless to effect a novation of the debt, a solution suggested in *Fryer* supra. To constitute a novation, there must be a valid existing contract, *H.P. Hood v. Heins et al.*, 124 Vt. 331, 205 A.2d 561 (1964), which here, there is not.

Finally, we find that because there is no obligation running to the mortgagee and no stay in effect to bar the mortgagee from foreclosing its lien under the laws of the State of Vermont,

It is ORDERED:

1) That debtor's Chapter 13 Plan of Reorganization is denied confirmation; and

2) That debtor has thirty (30) days from the date of this Order to file an Amended Plan.