In re Edward B. SMITH, A/K/A Edward Smith, A/K/A Edward Bryan Smith, Jenny A. Smith, A/K/A Jenny Lea Andrews Smith, A/K/A Jenny Andrews Smith, Debtors.

The FEDERAL LAND BANK OF COLUMBIA, Plaintiff,

v.

Edward B. SMITH, and Jenny A. Smith & Camille Hope, Trustee, Defendants.

Bankruptcy No. 88–10507–ALB.
Adv. No. 88–1035–ALB.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Dec. 2, 1988.

Howard McKelvey, Americus, Ga., for plaintiff.

Thomas R. McFarland, Americus, Ga., for defendants.

Camille Hope, Macon, Ga., Chapter 13 Trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On November 1st, 1988, a pre-trial conference was held in the Adversary Proceeding on the complaint of The Federal Land Bank of Columbia (Plaintiff) for declaratory judgment and relief from the automatic stay against Edward B. Smith and Jenny A. Smith, Debtors and Camille Hope, Trustee. There being no facts in dispute, the court invited briefs on the issue of whether or not a mortgage securing a debt previously discharged in a Chapter 7 proceeding may be scheduled and treated in a Chapter 13 plan. The court, after consideration of briefs of counsel, now renders this Memorandum Opinion.

The Debtors filed a voluntary Chapter 7 petition under Title 11 of the United States Code on June 24, 1987, seeking a discharge of all their indebtedness then outstanding. Among those debts scheduled in their petition was a note securing a mortgage on residential real property held by Plaintiff. This note was executed on March 29th, 1983, in the principal amount of $25,000.00 to be paid with interest at the basic rate of 11.75 per cent per annum with the first monthly installment of $270.93 being due on June 1, 1983, and continuing for a total of 240 successive monthly payments. The Debtors subsequently defaulted on the installment payments due Plaintiff on the note.

The Debtors were granted a discharge of their indebtedness to Plaintiff by this court on April 7, 1988. No reaffirmation agreement of the debt as provided for under § 524(c) of the Bankruptcy Code [1] was executed by the Debtors with regard to the indebtedness owed Plaintiff.

The Debtors have remained in possession of the residential real property, but have made no payments to Plaintiff since prior to the date of the filing of the Chapter 7 petition on June 24, 1987. Plaintiff began foreclosure proceedings in July, 1988, with a scheduled sale for August 2, 1988. On August 1, 1988, the Debtors filed a voluntary Chapter 13 petition under Title 11 of the United States Code and listed the indebtedness to Plaintiff as a secured claim. Plaintiff has filed an objection to the confirmation of Debtors' Chapter 13 plan and does not consent to a reaffirmation of the previously discharged debt.

█ Plaintiff contends that the Debtors should not be able to utilize the provisions of Chapter 13 to cure a default of said note and to also provide for the continued regular monthly amortization payments when the indebtedness has been previously discharged in Chapter 7. Plaintiff cites to the court the cases of *In re McKinstry,* 56 B.R. 191 (Bankr.D.Vt.1986), *In re Binford,* 53 B.R. 307 (Bankr.W.D.Ky.1985), and *In re Brown,* 52 B.R. 6 (Bankr.S.D.Ohio 1985) as authority for their position. These cases hold that once the underlying debt is discharged, the lien survives under § 524(a)(1) of the Bankruptcy Code [2]. It imposes no legal obligation upon the Debtors and all that remains is a statutory lien against the real estate. Therefore, there is no personal liability upon the Debtors to the mortgagee because of the prior discharge in bankruptcy.

The court is aware that this line of cases is the majority view, but nevertheless is persuaded by the reasoning in *In re Klapp,* 80 B.R. 540 (Bankr.W.D.Okla.1987) as authority for the Debtors' position. *Klapp* held that a mortgage securing a debt previously discharged in a Chapter 7 proceeding may be scheduled in Chapter 13 proceedings.

The court in *Klapp, supra* adopted the view of *In re Lewis,* 63 B.R. 90 (Bankr.E.D. Pa.1986) and *Matter of Lagasse,* 66 B.R. 41 (Bankr.D.Conn.1986) in that the definition of claim found in § 101(4) coupled with the rule of construction found in § 102(2) of

---

**1.** 11 U.S.C.A. § 524(c) (West Supp.1988).

**2.** 11 U.S.C.A. § 524(a)(1) (West Supp.1988).

the Bankruptcy Code[3] could include an encumbrance against the Debtors' property without any personal liability of the Debtors.

The Debtors further cite to the court the case of *Matter of Metz*, 820 F.2d 1495 (9th Cir.1987) as additional authority for their position. *Metz* adopted the *Lagasse/Lewis* view and allowed a Chapter 13 debtor to include a mortgage claim within the plan even though the underlying obligation was discharged in the debtor's prior Chapter 7 bankruptcy case. *Id.* at 1498. Therefore, this court holds that Chapter 13 debtors are not barred as a matter of law from proposing a plan which includes the treatment of a mortgage claim where the underlying obligation was previously discharged in a prior Chapter 7 proceeding.

■ The court is persuaded by Plaintiff's argument that the fact pattern in *Klapp*, *supra* can be distinguished from this case on the following grounds:

1. *Klapp* involved debtors who were current with mortgage payments at the time of the filing of the Chapter 7 bankruptcy petition on April 10, 1985.

2. The debtors continued to make regular payments from that date until February 7, 1987, even though no reaffirmation agreement had been entered and the creditor accepted the regular payments without objection.

3. The debtors had paid approximately $8,200.00 ($5,700.00 of which was applied to interest, $2,400.00 to principal, and $100.00 to the payment of insurance premiums).

4. The creditor had filed suit in violation of the debtors' discharge under § 524(a)(2) of the Bankruptcy Code[4] and had obtained a money judgment for the total amount of the indebtedness together with interest, costs, attorney fees, and certain prepaid insurance.

5. The court found that the creditor had indirectly by proceeding to judgment created a new debt post-discharge.

In contrast to the fact pattern of *Klapp*, the facts of this case show:

1. The Debtors have made no payments to Plaintiff since prior to June, 1987, the date of the filing of their Chapter 7 petition.

2. The Debtors were granted a discharge of their indebtedness to Plaintiff on April 7, 1988 under Chapter 7 of the Bankruptcy Code.

3. The Debtors have remained in continuous possession of the residential real property.

4. Plaintiff has not entered into any reaffirmation agreement with Debtors either directly or indirectly.

■ Therefore this court finds it would be inequitable to allow the Debtors to utilize the provision of Chapter 13 to cure the default of the previously discharged indebtedness to Plaintiff. The continuous default in payments by Debtors even after the filing of this case constitutes cause for relief from stay under § 362(d)(1) of the Bankruptcy Code.

Accordingly, this court grants Plaintiff relief from the automatic stay pursuant to § 362(d) of the Bankruptcy Code.[5]

An order will be entered in accordance with this Memorandum Opinion.

---

**3.** 11 U.S.C.A. § 101(4) (West 1979). 11 U.S.C.A. § 102(2) (West 1979).

**4.** 11 U.S.C.A. § 524(a)(2) (West Supp.1988).

**5.** 11 U.S.C.A. § 362(d) (West Supp.1988).