**In re Sharon E. McGRUE, Debtor.**

**Bankruptcy No. B89–02922.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 7, 1989.

Leon S. Heard, Cleveland Heights, Ohio, for debtor.

§ 219, money deposited in an I.R.A. must be based on an individual's compensation (or income in the case of income from self-employment). When the only income an individual receives is from dividends, interest, and capital gains, it does not constitute "compensation" within the meaning of § 219. *Miller v. C.I.R.,* 77 T.C. 97 (1981). "Compensation" refers only to wages, salaries, and professional fees. *See* 1.219–1(e)(1), Income Tax Regs. None of Theresa Stahl's money was "compensation" within the meaning of the statute.

Michael Tucker, Weltman, Weinberg & Associates Co., Cleveland, Ohio, for Soc. Nat. Bank, objector.

## MEMORANDUM OF DECISION

DAVID F. SNOW, Bankruptcy Judge.

Mrs. McGrue's plan of reorganization in her chapter 13 case came on for hearing on the regular chapter 13 confirmation and motion docket on Tuesday, October 25, 1989. The trustee recommended confirmation of her plan based upon review of its feasibility and of other factors relevant under section 1325 of the Bankruptcy Code provided that the objection of Society National Bank ("Society") could be overcome. That objection was based on the fact that Mrs. McGrue had received a discharge in chapter 7 case number B89–00111 filed with her husband Samuel McGrue, Jr. on January 11, 1989.

Society financed the Debtor's purchase of her 1987 Chevrolet Nova automobile and has a security interest in the Nova. By order entered February 28, 1989 the trustee in the chapter 7 case abandoned the Nova. According to the court's findings in that order, the value of the Nova was $6,425 and the unpaid balance owing to Society secured by the Nova was $9,857.57. The chapter 7 case was administered as a no-asset case. The debtors received their discharge on April 21, 1989 and that case was closed on May 31, 1989.

Mrs. McGrue attended the October 25 hearing on confirmation of her plan and Society's objection; her case was put at the end of the docket to permit Mrs. McGrue to testify and to permit counsel to argue the case.

### Factual Background

Mrs. McGrue has worked as a medical records clerk for the Cleveland Clinic for the last nine years. In April, 1989 she separated from her husband. Although Society's counsel asserted in argument that Mrs. McGrue had secreted the Nova to prevent its repossession by Society, no evidence was presented to support this contention. Mrs. McGrue testified that the Nova had been kept in the driveway of her residence, and I find no reason to doubt her uncontradicted testimony.

Mrs. McGrue testified that her husband had initiated the chapter 7 case and that she had joined as a debtor primarily at his urging. She also testified that she intended to pay her own debts but was advised to join in the chapter 7 case because she was jointly liable with her husband on several obligations. It appears that her failure to list the Nova or her obligation to Society on the Nova or to seek reaffirmation of the installment contract with Society reflected her intention to continue her payments to Society unaffected by the bankruptcy. The schedules listed Society as an unsecured creditor under an installment loan of $2,016, but did not reference the Nova or Society's security interest in the Nova. Mrs. McGrue's counsel in both cases, Leon S. Heard, admitted that he failed to oppose Society's motions in the chapter 7 case in respect of the Nova because he thought the Nova was in Mr. McGrue's name and because Mr. McGrue did not oppose Society's intent to repossess it.

Mrs. McGrue testified without contradiction that her payments on the Nova were current at the time she filed this case. It also appears that her payments are current under her proposed chapter 13 plan. It is clear that Mrs. McGrue needs her car to commute to and from her job at the Cleveland Clinic. Finally, Society does not question either Mrs. McGrue's ability or willingness to pay off the installment loan on the Nova or the trustee's conclusion that her plan is feasible.

█ In summary, it does not appear that Mrs. McGrue joined in the chapter 7 case with the intent of avoiding payment to her unsecured or secured creditors. Rather, it appears that she joined as a debtor in that case primarily as an accommodation to her husband and to avoid liability on debts for which he was responsible. In view of the parties' imminent separation and her goal of protecting her car, her interests would probably have been better served in chapter 13. It also appears, however, that her

chapter 7 attorney focused on her husband's interests and not hers in selecting chapter 7 and not chapter 13. Under these circumstances I find that Society's objection is not supported by the Bankruptcy Code or applicable case authority.

### Discussion

Apparently Society perceives this as a case in which the Debtor first used chapter 7 to rid herself of her unsecured debt and then filed her chapter 13 case to compel Society to abide by the installment contract. Society cites the unreported opinion of Judge William A. Clark in *In re Deborah A. Harris,* case number 3–89–01780, (Bankr.S.D. Ohio Aug. 15, 1989) (Oral Decision), for the conclusion that manipulation of this sort is objectionable.

But, as noted above, this contention misconstrues the facts of this case. These facts are clearly distinguishable from those considered by Judge Clark in the *Harris* case. First, the parties to the Debtor's chapter 13 and chapter 7 cases are different. Whatever inference can and should be drawn from the same debtor filing a chapter 13 case on the heels of a chapter 7 case may not be justified where, as here, the parties have separated and the husband is not involved in the present case. Under the present facts, the Debtor's two cases do not demonstrate any lack of good faith by Mrs. McGrue or any intent on her part to manipulate or abuse the bankruptcy system.

Nevertheless, the fact remains that Mrs. McGrue was a debtor in the chapter 7 case and was discharged from personal liability on her unsecured debt and from personal liability on her obligation to Society. Whatever her actual intent or understanding, she must take responsibility for her participation in that case. But without some showing of prejudice to Society or breach of Bankruptcy Code provisions by her chapter 13 filing, there appears no reason to penalize her by imputing to her lack of good faith which is not borne out by the facts.

There certainly appears to be no detriment to Society in confirming her plan.

There was no question raised as to Mrs. McGrue's ability to continue to make payments on the Nova. There is no arrearage which needs to be cured. Society's contention that the car was secreted is not borne out by the facts and there is no allegation that Mrs. McGrue has failed to maintain insurance. In fact Society should benefit from confirmation of the plan.

By its own admission the Nova is worth about $3,400 less than the obligation for which Mrs. McGrue is committed under the plan. Moreover, such payments are to be made pursuant to a court order on a reputable employer for whom Mrs. McGrue has worked some nine years. Most importantly Mrs. McGrue has not to date defaulted in payment to Society despite the turmoil of her separation. If anything, her chapter 7 discharge reduces Society's risk that she will fail to continue its payments through funding her plan. Mr. McGrue's personal liability is gone and cannot be reinstated, but this loss, if it practically is one, is more than outweighed by the factors noted above.

In any event, a chapter 13 debtor may under sections 1322(b)(2) and 1325(a)(5)(B) of the Bankruptcy Code modify the terms of secured debt provided that the creditor retains its lien and receives payments having a present value not less than the value of its collateral. By Society's admission the Nova is worth considerably less than Mrs. McGrue's obligation under the installment contract she proposes to pay through her chapter 13 plan.

Moreover, there is no evidence at all that Mrs. McGrue's two bankruptcy filings were not made in good faith. Plainly this case can be dismissed, as Society requests, only on the court's finding or creating a *per se* rule against a debtor filing a chapter 13 case to deal with a secured debt after discharge in a prior chapter 7 case. The two circuit courts which have ruled on this question have rejected such a rule, *In re Saylors,* 869 F.2d 1434 (11th Cir.1989); *In re Metz,* 820 F.2d 1495 (9th Cir.1987), as have recent lower court cases. *See, e.g., In re Barrett,* 105 B.R. 385 (Bankr.N.D.Ohio 1989); *In re Lagasse,* 66 B.R. 41 (Bankr.D.

Conn.1986); *but see In re Fryer*, 47 B.R. 180 (Bankr.S.D.Ohio 1985); *In re Binford*, 53 B.R. 307 (Bankr.W.D.Ky.1985). The facts in this case point up graphically why no such *per se* rule is warranted.

 Under the Sixth Circuit cases which have considered the good faith requirement in section 1325(a)(3) of the Bankruptcy Code, this court is required to assess not only the chapter 13 case before it but other actions and events comprising the totality of relevant circumstances relating to the debtor and the case to decide whether the debtor is seeking to manipulate the broad remedial provisions of chapter 13 in ways which would pervert or distort the intent of those provisions. *See Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir.1982); *In re Okoreeh–Baah*, 836 F.2d 1030 (6th Cir.1988); and *In re Barrett, supra*.

In *In re Caldwell*, 851 F.2d 852 (6th Cir.1988) the Sixth Circuit considered the good faith implications of reopening a chapter 7 case four months after discharge in order to convert to chapter 13 and obtain a discharge not available under chapter 7. The court there "stress[ed] that no one factor should be viewed as being a dispositive indication of the debtor's good faith." 851 F.2d at 860. In the instant case, the debtor's recent chapter 7 case is the only factor even suggesting an improper motive. Presumably, had Mrs. McGrue been better advised or had the potential loss of the automobile been apparent to her, she might well have followed a different course. But the fact that Society continued to accept payments under the contract after the chapter 7 filing certainly did not point up the need for adopting a different stratagem. In any event, there is no reason why, absent other indications of bad faith, this debtor should be denied, as a matter of law, the right to file a chapter 13 case merely because she recently received a chapter 7 discharge.

Under the peculiar facts of this case I find that Mrs. McGrue's chapter 13 case was brought, and that her plan was proposed in good faith in conformity with section 1325 of the Bankruptcy Code, that

Society's objection should be overruled and that her plan should be confirmed in accordance with the attached order.