**In re Judith V. HORNLEIN, Debtor.**

**Bankruptcy No. 91–1923–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 8, 1991.

Harvey Paul Muslin, Tampa, Fla., for debtor.

Leslie M. Conklin, Clearwater, Fla., for First Union Mortg. Corp.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS what is commonly referred to as a Chapter 20 case. The matter presently under consideration is a Motion to Dismiss this case, filed by First Union Bank of Florida (First Union). The factual pattern of these types of cases is basically simple, albeit with some variations, yet common to all Chapter 20 cases, including this one.

In this case Judith V. Hornlein (Debtor) and her husband filed their Joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on August 6, 1990, Case No. 90–7644–8P7. On their Schedule B–4 they claimed their residence as homestead thus exempt under the applicable provisions of Article X, Section 4 of the Florida Constitution. Their exemption claim, not having been challenged by any party of interest, was, by virtue of Section 522(*l*), automatically allowed, and the property ceased to remain property of the estate. First Union filed a Motion and sought relief from the automatic stay and, since the property was no longer property of the estate, obtained an Order which authorized First Union to proceed to foreclose its mortgage on the residence of the Debtors. On November 13, 1990, the Debtor and her husband received their discharge which, of course, relieved her of all her personal obligations.

It is without dispute that the Debtor did tender at least partial payments to First Union which were initially refused by First Union although First Union agreed that if the Debtor would bring all arrearages current by making a lump sum payment by January 30, 1991, First Union would be willing to reinstate the mortgage and would not proceed to foreclose its mortgage lien on the property involved. The arrearages claimed by First Union included not only the missing monthly payments plus late charges, but also a demand for attorneys fees in the amount of $1,000. While the Debtor offered to cure the defaults and pay in a lump sum the unpaid monthly installment payments, she could not meet the demand of First Union for attorney's fees.

The Debtor now claims that her past financial difficulties were due to the fact that her husband is an alcoholic who squandered all their funds on alcohol and this was the reason for the default in the mortgage payments. She claims that she no longer lives with her husband and that she now has funds to cure all arrearages at once with the exception of the $1,000 attorneys fees and she should be given an opportunity to save her home through the provisions of Chapter 13.

In support of its Motion to Dismiss, First Union contends that this is a classic bad faith filing because this Debtor is no longer eligible for relief under Chapter 13 because she no longer has any "debts" based on her discharge obtained in the previous Chapter 7 case, and the only entity the Debtor attempts to deal with in this Chapter 13 case is First Union, who no longer has a "claim" against the Debtor and whose only right is to enforce a mortgage lien against the residence owned by the Debtor.

Considering the Motion to Dismiss it appears at first blush that the position taken by First Union is well taken and the Motion should be granted. The relief sought by the Debtor at this time is under Chapter 13 of the Bankruptcy Code entitled "Adjustment of Debts of an Individual With Regular Income". The title indicates that before a debtor may seek relief under this chapter, the debtor must have debts which it is seeking to adjust. The term "debt" is defined by § 101(11) and means liability on a claim. In turn, "claim" is defined by § 101(5) as (A) a right to payment or (B) a right to equitable remedy for breach of performance if such breach gives rise to right of payment. There is no question

that First Union is correct in its contention that it has no right to payment from this Debtor since she has been absolved of all her personal liabilities, including her personal liability to First Union, when she obtained her discharge in the Chapter 7 case.

The resolution of the question involving the right of a discharged debtor to seek relief under Chapter 13 is not without difficulty especially when one reads literally the relevant provisions of the Code. This is so because § 102(2), the Section which furnishes the Rules of Construction, provides that the term "claim" includes a claim against the property of the Debtor and is not limited to a claim based on a right to payment.

In the past, the interpretation of these two sections created wide disagreement between Circuits. Cases which held that "Chapter 20" cases may be proper include *In re Saylors,* 869 F.2d 1434 (11th Cir. 1989); *In re Metz,* 820 F.2d 1495 (9th Cir. 1987); *Grundy National Bank v. Johnson,* 106 B.R. 95 (W.D.Va.1989); *In re Ligon,* 97 B.R. 398, 20 C.B.C.2d 623 (Bankr. N.D.Ill.1989); *In re Smith,* 94 B.R. 216, 20 C.B.C.2d 474 (Bankr.M.D.Ga.1988); *In re Klapp,* 80 B.R. 540 (Bankr.W.D.Okla.1987). Cases which held that "Chapter 20" cases are improper include *In re Reyes,* 59 B.R. 301 (Bankr.S.D.Cal.1986); *In re McKinstry,* 56 B.R. 191 (Bankr.Vt.1986); *In re Binford,* 53 B.R. 307, 13 C.B.C.2d 637 (Bankr.W.D.Ky.1985); *In re Brown,* 13 B.C.D. 390, 52 B.R. 6 (Bankr.S.D.Ohio 1985); *In re Fryer,* 47 B.R. 180 (Bankr. S.D.Ohio 1985).

The uncertainty of the applicable law is now removed completely by virtue of a recent decision of the Supreme Court *In Johnson v. Home State Bank (In re Johnson),* — U.S. —, 111 S.Ct. 2150, 115 L.Ed.2d 66, 21 B.C.D. 1293 (1991). In *Johnson, supra,* the Supreme Court reversed the 10th Circuit Court of Appeals and held that a mortgage lien remains a "claim" against the debtor that can be dealt with in a subsequent Chapter 13 case even if the debtor's personal liability secured by the residence of the Debtor has

been discharged in a prior Chapter 7 case. The Supreme Court based its decision by construing the definition of a claim and relied on its prior decision in *Pennsylvania Dept. of Public Welfare v. Davenport,* — U.S. —, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) in which it concluded that the definition of "claim" must be broadly construed and a "right to payment [means] nothing more nor less than an enforceable obligation ..." 111 S.Ct., at 2152.

Based on this, the Court stated "we have no trouble concluding that a mortgage interest that survives the discharge of a debtor's personal liability is a 'claim' within the terms of § 101(5)." *Johnson,* — U.S. at —, 111 S.Ct. at 2151, at 1294. The Court went on to note that certain types of serial filings may be abusive, but that other Bankruptcy Code provisions such as § 1325(a)(3), which requires that a Chapter 13 Plan be proposed in good faith, are designed to protect Chapter 13 creditors against abusive filing. The Supreme Court stated that "we do not believe that Congress intended the Bankruptcy Courts to use the Code's definition of "claim" to police the Chapter 13 process for abuse." *Id.,* — U.S. at —, 111 S.Ct. at 2152, at 1296.

Based on the Supreme Court's decision in *In re Johnson,* it is now clear that a Debtor who received a discharge and who is no longer personally liable still may seek relief under Chapter 13 provided there is nothing in the record to indicate that the Debtor acted in bad faith. This conclusion is in accord with *In re Saylors, supra,* where the Eleventh Circuit permitted a debtor to file a Chapter 13 petition even while the first Chapter 7 was still open although the debtor already obtained a discharge. The Eleventh Circuit, relying on *In re Lagasse,* 66 B.R. 41 (Bankr.D.Conn. 1986), held that there is:

"... no reason why curing of a nonrecourse debt may not be included in a chapter 13 plan. The clear language of Sections 102(2) and (4), and Section 1322(b)(5) does not forbid it, and the legislative history of Section 102(2) supports it. Paragraph (2) specifies that 'claim

against the debtor' includes claim against property of the debtor. This paragraph is intended to cover nonrecourse loan agreements where the creditor's only rights are against the debtor personally ..."

From the foregoing it is clear that the ultimate question is whether the plan proposed by the Debtor was proposed in good faith or whether the Debtor is merely attempting to manipulate the system by pre-planning a Chapter 7 case in order to obtain a discharge and then turn around and file a Chapter 13 case for the sole purpose of frustrating a mortgagee who already obtained relief from the automatic stay in a Chapter 7 case and was authorized to proceed with foreclosure.

Based on the facts of this case, this Court is satisfied that it is appropriate to give this Debtor an opportunity to save her home provided she immediately cure all pre- and post-petition defaults, with the exception of the claim for attorneys fees in the amount of $1,000 asserted by First Union. Considering the fact that now the Debtor is a sole petitioner; that her husband is no longer involved; that she is in control of her funds and claims that she is able to cure the defaults, this Court is satisfied that it is appropriate to permit her to seek confirmation of her Chapter 13 Plan in order to save her home.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by First Union National Bank of Florida be, and the same is hereby, denied.

DONE AND ORDERED.